# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1552V
(Unpublished)

* * * * * * * * * * * * * * * * * * * * * * * *
AUDREY WALTON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Katherine E. Oler

Filed: August 26, 2020

Petitioner's Motion for a Decision;
Dismissal of Petition; Vaccine Act.

*James B. Wilmoth*, Page Law, St. Louis, Mo., for Petitioner.
*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On October 18, 2017, Audrey Walton ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from injuries, including brachial neuritis, resulting from the Fluvirin influenza vaccination she received on October 22, 2014. Pet., ECF No. 1. Petitioner filed a statement of completion on February 26, 2018. ECF No. 10.

Petitioner filed medical records and physical therapy records in support of her claim. (Exs. 2-13). Petitioner also filed an expert report from Dr. Michael Sulzinski on January 22, 2020. Ex. 14, ECF No. 30.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 17, 2019, Respondent filed his Rule 4(c) report, indicating he believed that this case was "not appropriate for compensation under the terms of the Act." Resp.'s Rep. at 1, ECF. No. 20. Respondent also filed an expert report from Dr. Brain Callaghan on April 10, 2020. Ex. A, ECF No. 32.

Petitioner filed a motion to dismiss on August 26, 2020, indicating that "an investigation of the [f]acts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot., ECF No. 35 at 1. She further stated that "in these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* Petitioner stated she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her" and she "has been advised that such a judgment will end all of her rights in the vaccine program." *Id.* Petitioner also indicated that she intends to reject the judgment and file a civil action. *Id.* at 2.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
